David D. Lin (*Pro Hac Vice Application Forthcoming*)
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: David@iLawco.com

*Attorneys for Plaintiff Yao Wu*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| YAO WU,<br><br>　　　　　Plaintiff,<br><br>-against-<br><br>BDK DSD and JOHN DOES 1-10;<br><br>　　　　　Defendants | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Yao Wu ("Plaintiff", or "Mr. Wu") by his attorneys, for his complaint for damages and injunctive relief against Defendants BDK DSD ("Defendant" or "BDK") and John Does 1-10, alleges as follows:

**Statement of Case**

1. Plaintiff brings this action pursuant to 18 U.S.C. § 2510 *et seq.*, 18 U.S.C. § 2701 *et seq.*, and state and federal common law for Defendant's willful and unlawful access, interception, monitoring and viewing of Plaintiff's electronic and stored electronic communications without his consent or authorization. Upon information and belief, Defendants illegally gained entry to Plaintiff's email account and used or removed documents stored on his personal computer by using various methods, including, but not limited to, key loggers and other computer programs designed to enable remote

1

access to, unmask passwords contained on someone else's computer without leaving a trace. Armed with Plaintiff's personal information, Defendants stole the domain names <11xp.com>, <5wg.com>, <5137.com>, <55ss.com>, <17500.com>, <44xp.com>, <17137.com>, <444seba.com>, <50wan.com>, <11se.com>, <63636.com>, <55125.com>, <78500.com>, <ip183.com>, <78777.com>, <61122.com>, <3yxx.com>, <3499.com>, <bukao.com>, <71566.com>, <caiqiu.com>, <66673.com>, <9976.com>, and <87766.com> (the "Domain Names") from his account (accessible via his email) with his domain name registrar, eNom, and transferred it to Defendants' domain name registrar, GoDaddy, in Arizona.

### The Parties and Personal Jurisdiction

2. Plaintiff Mr. Wu is a citizen and resident of California and resides at 20090 Rodriguez Avenue, Apt. C, Cupertino, CA, 95014. Mr. Wu previously resided at 4625 Davis St., Apt. GDS, Skokie, IL, 60076. Prior to that, Mr. Wu lived at 2020 University Ave., Apt. 21, Madison, WI.

3. Non-party GoDaddy.com, LLC, is a Delaware limited liability company with a principal place of business in Scottsdale, Arizona. GoDaddy is one of the leading domain name registration and website hosting companies in the country. For a fee and by signing in GoDaddy's Universal Terms of Service Agreement and GoDaddy's Domain Name Registration Agreement, customers may register a domain name on GoDaddy's computer servers located in Maricopa County, Arizona ("GoDaddy's Services"). These services are accessible to anyone with a computer and Internet connection, anywhere in the world (including Arizona), and only require the customer

to provide a valid email address.

4. Defendant BDK's origins and nationality are unknown. Defendant provided false Whois contact information, listing only "Guangxi, China" in the Registrant Street and Registrant City fields. Defendant also provides a false postal code of "200000." Upon information and belief, postal codes for Guangxi range from 530000-549999. Defendant provides dasfjkl78787@gmail.com as the registrant and administrative contact email address for all of the Domain Names. Here, BDK intentionally hijacked Mr. Wu's eNom account and transferred the stolen domain name to BDK's GoDaddy account. The forum selection clause contained in GoDaddy's Universal Terms of Service Agreement states:

> You agree that any action relating to or arising out of this Agreement shall be brought in the state or federal courts of Maricopa County, Arizona, and you hereby consent to (and waive all defenses of lack of personal jurisdiction and forum *non conveniens* with respect to) jurisdiction and venue in the state and federal courts of Maricopa County, Arizona.

Similar language is contained in GoDaddy's Domain Name Registration Agreement, with respect to disputes under the Uniform Domain-Name Dispute Resolution Policy:

> You agree to submit, without prejudice to other potentially applicable jurisdictions, to the jurisdiction of the courts (1) of your domicile and (2) where registrar [GoDaddy] is located.

Through the use of GoDaddy's Services and technical support offered by GoDaddy in Arizona, BDK purposely availed himself to the jurisdiction of the state of Arizona.

5. Defendants John Does 1-10 are individuals or entities of unknown origins and nationality. Upon information and belief, Defendants acted in concert or individually in a covert scheme and/or conspiracy to spy on Plaintiff's email communications and

3

steal his Domain Names.

**Subject Matter Jurisdiction and Venue**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 based upon the Defendants' violations of Title 3 of the Omnibus Crime Control and Safe Streets Act of 1968 and, specifically §§ 2510 *et seq.* and 2701 *et seq.* of Title 18 of the United States Code, also known as the Electronic Communication Privacy Act ("ECPA"), or, respectively, the "Wiretap Act" and the "Stored Communications Act."

7. This Court has pendent jurisdiction of the related state law claims asserted in this action pursuant to 28 U.S.C. § 1367 because they arise from the same operative facts common to the causes of action arising under the First and Second Claims for Relief, and because the exercise of pendent jurisdiction serves the interests of judicial economy, convenience and fairness to the parties.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim and the threatened and actual harm to Plaintiff occurred in this District by reason of Defendants' conduct as alleged below, and Defendants are subject to this Court's personal jurisdiction in this judicial district.

**Background**

9. Plaintiff is a domain name investor. Plaintiff registers generic and descriptive domain names, often containing numbers or combinations of numbers and letters, that have value, and holds them for development or possible resale.

10. Plaintiff used and maintained for his exclusive personal uses a personal computer, that he kept at home ("Plaintiff's personal computer").

11. Plaintiff never granted Defendants or anyone else authorization to use Plaintiff's personal computer.

12. At all times relevant hereto, Plaintiff considered the documents and electronic communications stored on Plaintiff's personal computers to be private and confidential.

13. At all times relevant hereto, Plaintiff contracted with Microsoft Corp. for the purpose of obtaining electronic mail ("email") service on his behalf. This Microsoft service is known commercially as "Hotmail™." At Plaintiff's request, Microsoft assigned an email address of [PLAINTIFF'S EMAIL]@HOTMAIL.COM to Plaintiff, which email address Plaintiff used for private and personal communications.

14. At all times relevant hereto, Plaintiff contracted with eNom, Inc. ("eNom") for the purpose of registering the Domain Names. Plaintiff's eNom account was accessible via his Hotmail™ email described above.

15. Access to Plaintiff's Hotmail account and eNom Account were secured by unique passwords only known to Plaintiff. Plaintiff did not share his passwords with Defendants or anyone else. Plaintiff was required to enter his passwords to access his Hotmail account and eNom Account, which he did using his personal computer.

16. Among the stolen Domain Names, Plaintiff operated a Chinese sports Web site at www.Caiqiu.com, which has over 10,000 users, and received thousands of daily visitors. "Caiqiu" means "ball of colored silk" in Chinese. This site is down – i.e., it no longer resolves on the Internet – and is in danger of losing all of its users and good will.

17. Plaintiff was using the domain names, <9976.com>, <87766.com>, and <71566.com> as directory Web sites, with advertisements for products and tens of thousands of links to other Web sites. These sites are similarly down.

**Defendants' Wrongful Conduct**

5

18. Defendant(s) is an Internet hacker and domain name thief.

19. Upon information and belief, on or around August 2014, Defendants secretly installed spying software on Plaintiff's personal computer. This software, including an unnamed key-logging program, permitted Defendants to remotely and covertly access, intercept, monitor, transmit, use and/or remove electronic communications from Plaintiff's personal computer, eNom Account and/or email account.

20. Upon information and belief, Defendants used key-logging software remotely to access, intercept and monitor Plaintiff's personal electronic communications, information, and keystrokes on his personal computers, including Plaintiff's email account passwords.

21. Defendants concealed from Plaintiff the existence of such software and their ability to remotely access, intercept and monitor Plaintiff's personal electronic communications.

22. Upon information and belief, Defendants used content from Plaintiff's email conversations to steal his Domain Names.

23. Around August 2014, despite his multiple attempts to secure his email account and eNom by changing his passwords, Defendants repeatedly and routinely intercepted, accessed and viewed Plaintiff's personal Hotmail™ emails and accessed his eNom Account. Defendants were able to gain entrée into Plaintiff's accounts by unmasking his passwords using key-logging software or other surreptitious methods.

24. Defendants intercepted the email communications described herein without Plaintiff's knowledge or consent, and in violation of federal and state law, including the ECPA.

25. On or about August 28, 2014, Defendant hijacked 24 valuable domain names out of Plaintiff's account with the domain name registrar eNom: <11xp.com>, <5wg.com>,

<5137.com>, <55ss.com>, <17500.com>, <44xp.com>, <17137.com>, <444seba.com>, <50wan.com>, <11se.com>, <63636.com>, <55125.com>, <78500.com>, <ip183.com>, <78777.com>, <61122.com>, <3yxx.com>, <3499.com>, <bukao.com>, <71566.com>, <caiqiu.com>, <66673.com>, <9976.com>, and <87766.com> (the "Domain Names").

26. At the time that the Domain Names were stolen from Plaintiff's eNom account, Plaintiff was the legal registered name holder and registrant of the Domain Name. The Domain Name was in good standing.

27. Plaintiff's eNom account was password protected. Plaintiff did not share his account user name or password with anyone.

28. Plaintiff did not authorize the transfer of the Domain Name to Defendants or any third party.

29. At approximately 3am PST on August 28, 2014, Plaintiff received several emails confirming that 24 domain names in his eNom account, ID: "yige," had been "pushed" (i.e., transferred) to eNom account, ID: "dasfjkl78787." Plaintiff did not authorize these transfers.

30. Upon learning that the Domain Name had been hijacked from his account – approximately an hour or so after the theft – Plaintiff immediately contacted eNom to report the theft, however, the hijacker had already transferred the Domain Names to a different account at GoDaddy.

31. Log records from eNom show that someone using a dedicated server with the IP address 198.15.178.146 logged into and accessed Plaintiff's eNom account just minutes before the Domain Names were stolen.

32. At all relevant times, Plaintiff's IP address is 98.248.214.147.

7

33. Someone using other unidentified IP addresses originating from Tokyo, Japan (126.65.215.18), and Toronto, Canada (184.75.215.18), also accessed Plaintiff's account hours before the theft occurred. Upon information and belief, Defendants used a number of different proxy servers to mask their true IP address(es), location(s), and identity(ies).

34. Plaintiff immediately requested that GoDaddy return the Domain Names to Plaintiff. Following ICANN's Transfer Dispute Resolution Policy ("TDRP"), GoDaddy refused to return the Domain Names to Plaintiff, since the transfers were confirmed by the Defendant, using the email address dasfjkl78787@gmail.com. This was accomplished, however, *after* Defendant had already pushed the Domain Names into the fraudulent dasfjkl78787 eNom account.

35. In this case, because the Defendant had already stolen the Domain Name and changed the email address (and registrant) on the eNom account prior to initiating transfer requests for the Domain Name, Defendant was able to confirm its own fraudulent transfers.

36. Defendant's theft of the Domain Name, and interference with Plaintiff's rightful ownership thereof, was wrongful and has inflicted substantial harm on Plaintiff.

37. Short domain names comprised of letters and numbers are worth thousands to tens of thousands of dollars, individually, and in the aggregate, worth more roughly $100,000 or more.

38. Plaintiff also seeks a declaration from this Court that Plaintiff is the rightful owner of the Domain Name and ordering their transfer to Plaintiff.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF THE WIRETAP ACT**

**UNDER 18 U.S.C. § 2511**

39. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 38, with the same force and effect as if set forth in detail herein again.

40. At all relevant times herein, The Electronic Communications Privacy Act, 18 U.S.C. § 2510 *et seq*. was in full force and effect and governed the acquisition and disclosure of electronic communications transmitted by electronic communications services.

41. At all relevant times herein, subject to specific exceptions, 18 U.S.C. § 2511 prohibited the intentional interception, disclosure, or use of the contents of any electronic communications between two parties without the consent of one or both of the parties to that communication.

42. Defendants intentionally intercepted Plaintiff's electronic communications, i.e. his email, without his consent, thereby violating 18 U.S.C. § 2511(1)(a).

43. Upon information and belief, Defendants intentionally disclosed or attempted to disclose Plaintiff's electronic communications, i.e. his email, to others, without Plaintiff's consent, while knowing or having reason to know that the information was obtained through the interception of wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(c).

44. Defendants intentionally used, or attempted to use, the contents of Plaintiff's electronic communications, i.e. his email, while knowing or having reason to know that the information was obtained through the interception of wire, oral or electronic communication in violation of 18 U.S.C. § 2511(1)(d).

45. Plaintiff has suffered damages as a result of Defendants' conduct.

46. As such and pursuant to 18 U.S.C. § 2520, Plaintiff is entitled to relief for Defendants' violations of 18 U.S.C. § 2511(a), (c), and (d).

47. Plaintiff is further entitled to Preliminary Injunctive relief pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(b).

48. As direct and proximate result of Defendants' conduct as described herein, Plaintiff has suffered irreparable harm through the loss of his confidential and private electronic communications. Defendants' misappropriation, possession and continued use and disclosure of the confidential information gained in violation of state and federal law poses a substantial risk of irreparable harm. The total loss to Plaintiff in economic terms cannot be accurately measured at this time.

49. Plaintiff has a substantial likelihood of success on the merits of his claims. In addition, the magnitude of the injury being suffered due to Defendants' unlawful conduct heavily outweighs whatever hardship Defendants could allege or prove from being restrained as requested.

50. The granting of the injunctive relief requested herein will not adversely affect any public policy or public interest.

51. Injunctive relief, as an equitable remedy, is authorized by 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(b), and as such, Plaintiff need not demonstrate an irreparable injury or inadequacy of other remedies, but merely show a *prima facie* case of illegality and that an injunction would fulfill the legislative purpose of the statute. A temporary restraining order and preliminary injunction will fulfill the purposes of these statutes.

52. At this point, Plaintiff has no adequate remedy at law and is suffering immediate, imminent, and irreparable harm. Should Defendants' actions in using and disclosing

the communications and information illegally obtained continue unabated, he or he will continue to harm and negatively impact his privacy interests.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF THE STORED COMMUNICATIONS ACT
## UNDER 18 U.S.C. § 2701

53. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 38, with the same force and effect as if set forth in detail herein again.

54. At all relevant times herein, The Stored Communications Act, 18 U.S.C. § 2701 *et seq.* was in full force and effect and governed the accessing of facilities through which electronic communication service is provided.

55. At all relevant times herein, subject to specific exceptions, 18 U.S.C. § 2701(a) prohibited the intentional unauthorized accessing of a facility through which an electronic communication service is provided whereby an individual obtains access to an electronic communication that is in electronic storage in such system.

56. Around December 2014, Defendants violated 18 U.S.C. § 2701(a) by intentionally, repeatedly and without Plaintiff's authorization, accessing electronic communications, i.e. his Hotmail™ email, while said electronic communications were in electronic storage systems maintained by Microsoft.

57. Plaintiff never authorized Defendants to access Plaintiff's electronic communications while Microsoft was storing them.  Plaintiff never gave Defendants his email password.  Plaintiff changed his passwords several times between December 2014 the present.  By intentionally accessing Plaintiff's email and cloud storage by using

passwords obtained by use of key logger spyware programs surreptitiously installed on Plaintiff's personal computer, Defendants violated 18 U.S.C. § 2701(a).

58. As such and pursuant to 18 U.S.C. § 2707, Plaintiff is entitled to relief for Defendants' violations of 18 U.S.C. § 2701(a).

## THIRD CLAIM FOR RELIEF
## TRESPASS TO CHATTELS

59. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 38, with the same force and effect as if set forth in detail herein again.

60. At all relevant times herein, Plaintiff held a possessory interest in his email communications, the intrinsic value of which was based in part upon the confidential and private nature of the communications and documents.

61. Through his or his aforementioned actions, Defendants intentionally intermeddled with Plaintiff's possessory interest in his email communications stored on his personal computer and with Microsoft.

62. By intermeddling with Plaintiff's property, Defendants dispossessed Plaintiff of the confidential and private aspects of said communications and used the information contained therein for his or his personal gain, thereby impairing the condition, quality and value of Plaintiff's property.

63. As a result of said trespass, Defendants conducted himself or herself in a manner that was malicious, oppressive, outrageous, willful, wanton, reckless and abusive such that would entitle Plaintiff to compensatory and punitive damages, in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorney's fees.

## FOURTH CLAIM FOR RELIEF

**CONVERSION**

64. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 38, with the same force and effect as if set forth in detail herein again.

65. The Domain Name was rightfully registered by Plaintiff with eNom, and was in good standing at the time that it was hijacked by Defendants. Mr. Wu never authorized its transfer to Defendants, or any other party.

66. Mr. Wu is the rightful registrant and registered name holder of the Domain Name.

67. As such, Mr. Wu had the right to immediate possession of the Domain Name at the time that it was hijacked by Defendants.

68. By stealing the Domain Name from Mr. Wu's eNom account, Defendants exercised wrongful dominion or control over the Domain Name in denial of and inconsistent with Mr. Wu's rights therein.

69. As of the date of this complaint, Defendants still maintain control over Mr. Wu's Domain Name.

70. As a result of said conversion, Defendants conducted himself or herself in a manner that was malicious, oppressive, outrageous, willful, wanton, reckless and abusive such that would entitle Plaintiff to compensatory and punitive damages, in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorney's fees.

71. Furthermore, Mr. Wu is entitled to injunctive relief of return and transfer of the Domain Name from Defendant(s) to Mr. Wu.

**FIFTH CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT**

72. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 38, with the same force and effect as if set forth in detail herein again.

73. The Domain Name was rightfully registered by Plaintiff with eNom, and was in good standing at the time that they were hijacked by Defendant. Mr. Wu never authorized its transfer to Defendant, or any other party.

74. As such, Mr. Wu is the rightful registrant and registered name holder of the Domain Name.

75. A justiciable controversy exists between Mr. Wu and BDK.

76. To resolve this actual controversy, Mr. Wu seeks a declaration and judgment that he is the rightful registrant and registered name holder of the Domain Name, and seeks an Order of this Court transferring the Domain Name to Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendant that:

1. Award Plaintiff compensatory damages according to proof at trial but in an amount not less than $100,000.00;

2. Award Plaintiff punitive damages pursuant to 18 U.S.C. § 2520(b), 18 U.S.C. § 2707(c), and the common law, due to Defendants' willful and wanton behavior;

3. Award Plaintiff statutory damages pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(c);

4. Enter a temporary and permanent order, pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(b), as follows:

    a. Directing Defendants to return to Plaintiff all copies of all electronic communications, whether stored in electronic format or hard copy;

    b. Barring Defendants from disclosing the contents of any electronic communication obtained in violation of federal law;

    c. Directing Defendants to cease and desist from engaging in any electronic monitoring, surveillance or wiretapping or Plaintiff; and

    d. Ordering Defendants to immediately preserve all documentary and physical evidence in his care, custody or control, including all electronic devices that may contain any evidence of Plaintiff's electronic communications;

5. Enter a temporary and permanent order, pursuant to 18 U.S.C. § 2515 and 18 U.S.C. § 2707(b), enjoining Defendants from directly or indirectly using or disclosing any information contained within any of Plaintiff's electronic communications, documents attached to any such electronic communication that Defendants may have received, and documents stored on Plaintiff's personal computers;

6. Award Plaintiff reasonable attorney's fees, costs and disbursements in this civil action, pursuant to 18 U.S.C. § 2520(b) and 18 U.S.C. § 2707(c); and

7. Declaring Mr. Wu is the rightful registrant and registered name holder of the Domain Name;

8. That the Domain Name immediately be transferred to Mr. Wu; and

9. such other relief as the Court deems just and equitable under the circumstances.

Dated: September 22, 2015

                LEWIS & LIN, LLC

                By: */s/ David D. Lin*
                David D. Lin, Esq. (pro hac vice forthcoming)
                45 Main Street, Suite 608
                Brooklyn, NY 11201
                Tel: (718) 243-9323
                Fax: (718) 243-9326
                Email: David@iLawco.com

                *Counsel for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Please take notice that Plaintiff, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, hereby demands trial by jury for all issues so triable.

Dated: September 22, 2015.

                Lewis & Lin, LLC

                */s/ David D. Lin*
                David D. Lin