WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Yao Wu, | No. CV-15-01898-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| BDK DSD, et al., | |
| Defendants. | |

On February 26, 2016, the Court ordered that Plaintiff show cause why the case should not be dismissed for lack of jurisdiction and venue. (Doc. 18.) In the Order, the Court doubted whether it has personal jurisdiction over Defendant, who has no connection with Arizona, based solely on Defendant's alleged agreement to non-party GoDaddy.com, LLC's terms and conditions of service. The terms and conditions contain an Arizona forum selection clause, which Plaintiff claims subjects Defendant to personal jurisdiction in this forum. After reviewing Plaintiff's supplemental brief, the Court finds Plaintiff has not shown cause to avoid dismissal.

**I. Procedural History**

Plaintiff brought suit against Defendant BDK DSD for allegedly hacking into his email accounts and stealing numerous domain names. (Doc. 1, ¶ 1.) Because Defendant's name, address, and country of origin are unknown, the Court permitted

service by email.  (Doc. 11.)[1]  Plaintiff served Defendant via email, and moved for default judgment after Defendant failed to respond.  (Docs. 12, 17.)  The Court denied the motion, citing concerns with exercising personal jurisdiction over an unknown Defendant with no connection to Arizona, and ordered Plaintiff to file a supplemental brief addressing the issue.  (Doc. 18.)

**II.  Personal Jurisdiction**

A court may exercise personal jurisdiction only when the defendant has sufficient "minimum contacts" with the forum state "such that jurisdiction does not offend traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).  The minimum contacts requirement may be satisfied by establishing either general or specific jurisdiction.  *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  Here, Plaintiff only argues the Court may exercise specific personal jurisdiction over Defendant.

To establish specific personal jurisdiction, a plaintiff must show:  (1) the nonresident defendant purposefully directed his activities at the forum, (2) the claim arises out of the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.  *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks omitted).  Furthermore, "[f]or a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial connection* with the forum State."  *Id.* (emphasis added).

Plaintiff argues that Defendant "entered into contracts with Arizona-based GoDaddy concerning the stolen domain names at issue."  (Doc. 19 at 1.)  By stealing the domain names, Plaintiff asserts Defendant "agreed to be subject to personal jurisdiction

---

[1] BDK DSD's listed country of residence appears to be China.  (Doc. 1, ¶ 4.)

- 2 -

for disputes concerning the registration and use of *these* stolen domain names" in Arizona. (*Id.* at 2 (emphasis in original).) The Court disagrees.

The only connection Defendant is alleged to have with Arizona is based on GoDaddy's terms and conditions, which contain a forum selection clause. The clause provides:

> any action relating to or arising out of this Agreement shall be brought in the state or federal courts of Maricopa County, Arizona, and you hereby consent to (and waive all defenses of lack of personal jurisdiction and forum non conveniens with respect to) jurisdiction and venue in the state and federal courts of Maricopa County, Arizona.

(Doc. 20-1 at 25.) Under general contract principles, a forum selection clause may give rise to waiver of objections to personal jurisdiction, provided that the defendant agrees to be so bound[.]" *Holland Am. Line Inc. v. Wartsila N.A., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) (internal citations omitted).

Plaintiff relies on *Productive People, LLC v. Ives Design*, No. CV-09-1080-PHX-GMS, 2009 WL 1749751 (D. Ariz. June 18, 2009), to support his argument that the Court has personal jurisdiction over Defendant based solely on the forum selection clause. In that case, the plaintiff brought suit in Arizona against Ives Design, a Colorado company, for trademark infringement arising out of its use of the plaintiff's "NAMEDROP" mark by operating "namedrop.com." *Id.* at *1. The plaintiff also named GoDaddy.com as a defendant because it served as the host for the domain name. *Id.* Ives Design argued that the court lacked personal jurisdiction over it because it had no contacts with Arizona. *Id.* But the court did not decide whether Ives Design had sufficient contacts with the forum for purposes of specific personal jurisdiction. *Id.* Instead, the court resolved the jurisdictional question based on Ives Design's *undisputed* agreement to GoDaddy's terms of service agreement when it purchased the domain name from GoDaddy. *Id.* The terms of service agreement contained an Arizona forum selection clause, which the court found sufficient to create personal jurisdiction over Ives Design. *Id.* at *2.

*Productive People* is distinguishable from this case. There, it was undisputed that

1  Ives Design agreed to be bound by the forum selection clause, especially given that it
2  directly contracted with GoDaddy to purchase the domain.  In other words, Ives Design
3  chose to contract away its right to raise certain defenses.  Here, GoDaddy is not a party,
4  and Defendant did not contract with GoDaddy to purchase the domain names.  Defendant
5  stole them.  Though certainly illegal, such conduct hardly represents an agreement to be
6  bound by the forum selection clause.  Nor does it suggest Defendant contracted away the
7  right to assert the defense.  Much like contract formation, personal jurisdiction based on a
8  forum selection clause is grounded on some form of consent, *see S.E.C. v. Ross*, 504 F.3d
9  1130, 1149 (9th Cir. 2007) ("the parties may consent to jurisdiction through a forum
10 selection clause in a contract"), but the Court finds no consent here.  Thus, the Court
11 cannot exercise personal jurisdiction over a nonresident Defendant based on a provision
12 in a contract to which Defendant is not a party.[2]

13       In addition, the Court finds that it lacks specific personal jurisdiction over
14 Defendant.  Defendant has no contact with Arizona and did not cause harm in Arizona.  If
15 anything, Defendant directed his illegal activities at California, the location of Plaintiff's
16 residence, and presumably, his home computer containing the emails and information
17 related to the domain names.  Certainly, Defendant's "suit-related conduct," *i.e.*, hacking
18 into Plaintiff's computer files and stealing several domain names, does not create a
19 "substantial connection" with Arizona sufficient to create specific jurisdiction.  *See*
20 *Walden*, 134 S. Ct. at 1121.  Plaintiff has failed to demonstrate that this Court's exercise
21 of personal jurisdiction over Defendant would be consistent with due process, and has
22 therefore failed to show cause to avoid dismissal.

23 //
24 //
25 //

---

[2] Plaintiff also cites *Limostars, Inc. v. New Jersey Car & Limo, Inc.*, No. CV-10-2179-PHX-LOA, 2011 WL 3471092, at *4 (D. Ariz. Aug. 8, 2011).  But like *Productive People*, the court found the forum selection clause in GoDaddy's terms and conditions conferred personal jurisdiction over a defendant who directly contracted with GoDaddy. This is not the case here.

- 4 -

**IT IS ORDERED** that Plaintiff's motion for default judgment, (Doc. 17), is **DENIED**.  Plaintiff has not shown cause in accordance with the Court's February 26, 2016 Order, (Doc. 18), and thus Plaintiff's complaint is dismissed.  The Clerk is directed to terminate this action.

Dated this 17th day of March, 2016.

Douglas L. Rayes
United States District Judge